IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
  :  CHAPTER 7
FREDERICK R. JOHNSON, :
  :  CASE NO. 5-08-bk-53254 RNO
            Debtor :
*****************************************************************************
WAYNE BANK, :
            Plaintiff :
  :
    v. :
  :
FREDERICK R. JOHNSON, :
  :
            Defendant :  ADVERSARY NO. 5-09-ap-00112 RNO

## **Opinion**[1]

Presently before this Court is the Motion for Summary Judgment on Behalf of Defendant, Frederick R. Johnson. For the reasons stated herein, the Motion for Summary Judgment is denied and the matter will proceed to trial.

**I.  Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(B)(1)&(2)(a)(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

**II.  Facts**

This adversary proceeding was commenced by Wayne Bank through a Complaint filed on March 16, 2009. The Complaint seeks the denial of a discharge pursuant to 11 U.S.C. §

---

[1] Drafted with the assistance of William C. Blasses, Esquire, Law Clerk

1

727(a)(2)(A)[2]. The Debtor/Defendant, Frederick R. Johnson (hereinafter "Johnson"), subsequently made this Motion for Summary Judgment. Both parties agree on most of the basic facts.[3] On or about May 16, 2007, Johnson borrowed $6,060.00 from Wayne Bank to purchase a 1979 Chevrolet Corvette Coupe. Statement of Material Facts in Supp. of Def.'s Mot. for Summ. J. (hereinafter "Def.'s Statement of Material Facts") ¶3; Br. in Opp'n to Def.'s Mot. for Summ. J. (hereinafter "Pl.'s Br.") p 1. The loan is evidenced by a document titled "Note, Disclosure and Security Agreement" that gave Wayne Bank a first lien security interest in the 1979 Chevrolet Corvette Coupe. *Id.*

On June 07, 2007, Johnson borrowed an additional $13,060.00 from Wayne Bank to purchase a 1971 Chevrolet Corvette Coupe. Def.'s Statement of Material Facts ¶4; Pl.'s Br. p 1. That loan was evidenced by another document titled "Note, Disclosure and Security Agreement" that gave Wayne Bank a first lien security interest in the 1971 Chevrolet Corvette Coupe. *Id.* Johnson sold both vehicles prior to filing a petition for Chapter 7 relief on November 18, 2008.[4] Def.'s Statement of Material Facts ¶¶ 5-6; Pl.'s Br. p 2.

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

[3] Wayne Bank failed to file the short and concise statement of material facts required by L.B.R. 7056-1 and this Court's Summary Judgment Scheduling Order dated July 31, 2009 at Docket No. 12. Wayne Bank did, however, include a very short summary of facts in its Brief filed on August 31, 2009 at Docket No. 14. Despite Wayne Bank's failure to file the required statement of material facts, this Court has been able to analyze the available asserted facts and evidence to decide the summary judgment motion and will treat such lapse as an oversight.

[4] The parties dispute the timing of the sales. Johnson maintains that the 1971 Chevrolet Corvette Coupe was sold on November 23, 2007, within one year of the petition date, and that the 1979 Chevrolet Corvette Coupe was sold in June, or July, 2007, which would be more than one year prior to the petition date. Def.'s Statement of Material Facts ¶¶ 5-6. Wayne Bank has asserted that both sales occurred within the year prior to the filing of Johnson's petition for Chapter 7 relief. Pl.'s Br. p 2.

**III.     Summary Judgment Standard**

Summary judgment is governed by Federal Rule of Civil Procedure 56(c) which is made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (citing Fed. R. Civ. P. 56(c)). The moving party has the burden of demonstrating that a genuine issue of material fact is absent. *Celotex Corp.*, 477 U.S. at 322-23.

"In evaluating the evidence, 'a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 276 (3d Cir. 2001) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000)). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Determinations regarding issues of credibility and weighing of evidence are not functions suitable for summary disposition. *See Anderson*, 477 U.S. at 255. ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").

**IV.    Discussion**

   **A.    The § 727(a)(2)(A) Exception to Discharge**

The Complaint filed by Wayne Bank requests an order from this Court denying a discharge to Johnson pursuant to § 727(a)(2)(A). This Court has previously stated that "[s]everal elements are required to justify a denial of discharge under § 727(a)(2)(A) including that the debtor '(1) transferred or concealed property; (2) belonging to him; (3) within one year of the bankruptcy filing or after the petition was filed; and (4) with intent to hinder, delay, or defraud a creditor.' " *In re Rose*, 397 B.R. 740, 742 (Bankr. M.D.Pa. 2008) (citing *In re DiLoreto*, 266 Fed.Appx. 140, 144 (3d Cir. 2008)).

While intent may be shown explicitly, it may also be inferred by considering a "course of conduct" or "badges of fraud." *In re Diloreto*, 266 Fed.Appx. 140, 144 (3d Cir. 2008); *In re Zimmerman*, 320 B.R. 800, 806 (Bankr. M.D.Pa. 2005); *In re Watman*, 301 F.3d 3, 8 (1st Cir. 2002). Indicia of fraudulent intent may include:

> (1) insider relationships between the parties; (2) the retention of possession, benefit or use of the property in question; (3) the lack or inadequacy of consideration for the transfer; (4) the financial condition of the party sought to be charged both before and after the transaction at issue; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; (6) the general chronology of the events and transactions under inquiry; and (7) an attempt by debtor to keep the transfer a secret; . . ." *In re Watman*, 301 F.3d 3, 8 (1st Cir. 2002).

Analysis requires this Court to evaluate each of Johnson's arguments and the factual support accordingly.

4

B.   **Analysis of Factual Issues**

Johnson's Brief lays out three separate arguments in support of his Motion for Summary Judgment. First, Johnson argues that the 1979 Chevrolet Corvette Coupe was transferred in June, or July, 2007, which is more than one year before the filing of the petition. Second, Johnson argues that he lacked equity in the 1971 Chevrolet Corvette Coupe at the time of sale and that even if there was any equity at the time, it would have been exempt and not realizable by the bankruptcy estate. This argument concludes that the vehicle would, therefore, have not been property of the estate, the transfer of which would have violated § 727(a)(2)(A). Third, Johnson argues that the evidence demonstrates a lack of fraudulent intent. As required at the summary judgment step, the evidence and facts will be evaluated in the light most favorable to the nonmoving party, Wayne Bank.

Each side produced an affidavit in support of their respective positions. Wayne Bank provided the affidavit of John H. Sanders, Senior Vice-President of Wayne Bank. Johnson has provided the affidavit of himself, Frederick R. Johnson. In a recent opinion, this Court highlighted the issue of deciding a case by affidavits in a summary judgment setting:

> It is important to note that ". . . caution should be exercised in granting summary judgment where state of mind is in issue . . ." Furthermore, *it is inappropriate for issues of fact to be tried by mere review of opposing affidavits*. With these considerations in mind, this Court feels that it is important that such issues of fact be resolved at trial where the Court has an actual opportunity to assess the credibility of each witness' testimony. *In re Rose*, 397 B.R. 740, 743 (Bankr. M.D.Pa. 2008) (citations omitted) (emphasis added).

In reviewing Johnson's affidavit, this Court notes that the affidavit makes no averment concerning a date or range of dates during which the sale of the 1979 Chevrolet Corvette Coupe

5

was conducted or concluded.[5] As noted previously, the briefs of both parties contemplate a dispute over this material fact and the lack of evidence to support the contention of either party does nothing to eliminate this material factual issue of the sale's timing.

With respect to the second argument advanced by Johnson, regarding the realizable equity for the estate, the Court notes that the only evidence advanced in support is three statements within Johnson's affidavit. Aff. of Def., Frederick R. Johnson in Supp. of Def.'s Mot. for Summ. J. ¶¶ 19-21. These statements provide only that the 1971 Chevrolet Corvette Coupe was sold for $12,000.00, which Johnson insists was the fair market value, that Johnson had little or no equity in the Corvette, and that any equity that Johnson might have had would have been exempt and not property of the estate.

Johnson's affidavit provides neither the basis upon which he determined the fair market value of the vehicle nor the principal balance of obligation at the time Johnson sold the Corvette. "In order to satisfy the standard for summary judgment 'the affiant must ordinarily set forth facts, rather than opinions or conclusions. An affidavit that is essentially conclusory and lacking in specific facts is inadequate to satisfy the movant [or non-movant]'s burden." *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002) (quoting *Maldonado v. Ramirez*, 757 F.3d 48, 51 (3d Cir. 1985). Given the conclusory nature of the allegations, no determination of the amount or lack of equity can be made at this stage by the Court. Additionally, the language of the affidavit states that Johnson had "little or no equity" suggesting that Johnson himself is unclear as to whether any equity existed.

---

[5] A page appears to be missing from the affidavit of Johnson which was docketed on July 31, 2009 at Docket No. 11. Regardless, even if the missing affidavit page had been filed, it would be inappropriate for such a crucial issue of fact to be decided solely based on a single affidavit. No sales records, receipts, bank deposit slips, cashed check, or other evidence of a transaction has been provided in support of this contention.

As insufficient evidence exists regarding Johnson's equity in the 1971 Chevrolet Corvette Coupe, this Court need not address the argument that a lack of equity would make § 727(a)(2)(A) inapplicable. However, this Court cautions against reliance on older cases such as *In re McCloud*, 7 B.R. 819 (Bankr. Tenn. 1980), as the present definition of property of the estate is extremely broad.[6]

The last argument advanced by Johnson is that no genuine issue exists with respect to Johnson's intent at the time he sold the two Corvettes. The only evidence provided as to Johnson's intent was the two affidavits. Wayne Bank's affidavit states that Johnson had knowledge of Wayne Bank's security interest because Johnson had listed Wayne Bank as the "loss/payee" when he obtained insurance for the two Corvettes. Johnson's affidavit is less clear as to intent because it is missing a page. Nonetheless, as state of mind is at issue, this Court would like the opportunity to actually hear and assess the credibility of each witness' testimony.

---

[6] Section 541 outlines the composition of the estate. Specifically it reads in part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all *legal or equitable interests* of the debtor in property as of the commencement of the case. . . . (emphasis added).

7

**V. Conclusion**

Therefore, given the outstanding genuine issues of material fact, the Motion for Summary Judgment on Behalf of Defendant, Frederick R. Johnson is hereby denied. An Order will be entered consistent with the foregoing Opinion.

Date: September 23, 2009

_____
Robert N. Opel, II, Bankruptcy Judge
(BI)

*This opinion is electronically signed and filed on the same date.*